UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alveto Rivera,<br><br>            Plaintiff,<br><br>v.<br><br>Mark Gray, *sued in their individual capacities and in their official capacities*,<br><br>            Defendant. | Civ. No. 25-2215 (JWB/LIB)<br><br>**ORDER ACCEPTING**<br>**REPORT AND RECOMMENDATION** |

Alveto Rivera, pro se Plaintiff.

      Alveto Rivera, representing himself without a lawyer, files this lawsuit against Mark Gray, the attorney formerly appointed to represent him in his civil-commitment proceedings. Rivera alleges that Gray, his court-appointed attorney, breached his duty to "act properly" and thereby violated the Fifth, Sixth, Fourteenth Amendments and deprived Rivera of his due process rights. (Doc. No. 1, Compl. at 3.)

      On June 2, 2025, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending the dismissal of Rivera's claims and denial of his application to proceed *in forma pauperis* ("IFP"). (Doc. No. 6, R&R at 2.) Rivera's objection to the R&R asserts that court-appointed defense counsel are state actors and challenges the application of *Heck v. Humphrey* to his claims. (Doc. No. 7, Obj. at 3–5.) He also requests the appointment of counsel to represent him in this matter. (Doc. No. 5.)

For the reasons stated below, the R&R is accepted, Rivera's Complaint is dismissed, and his IFP petition and Motion to Appoint Counsel are denied as moot.

## DISCUSSION

### I. Standard of Review

District courts review de novo the portions of an R&R to which an objection is made and "may accept, reject, or modify the recommended disposition." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Plaintiff is pro se, his petition and objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### II. Analysis

Rivera first argues that Gray is a state actor "Under the Color of State Law and Suing Private Contractors" and, therefore, he may bring a § 1983 claim against his former attorney. (Obj. at 3.) 15 U.S.C. § 1983 creates a cause of action for violations of federally protected rights by state actors. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). In other words, a claim under § 1983 requires that the violation occurred while the defendant acted under the color of state law. *Moore v. City of Desloge, Mo.*, 647 F.3d 841, 846 (8th Cir. 2011).

In his objection, Rivera asserts that "City and County officials and employees are considered to act under color of state law." (Obj. at 3–4.) However, as the R&R correctly observes, it is well-settled that a public defender, even one who was court-appointed, does not act under the color of law and is not a state actor for purposes of a § 1983 claim.

*See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981); *Dotlich v. Kane*, 497 F.2d 390, 391 (8th Cir. 1974). Rivera's § 1983 claim cannot proceed against his former legal counsel.

Rivera also objects to the R&R's application of *Heck v. Humphrey* "due to the fact that the plaintiff has clearly stated a claim upon which may [sic] be granted." (Obj. at 5.) *Heck* requires a claimant who challenges the legality of their conviction by seeking damages to first show that the underlying conviction has been invalidated through a proper procedural mechanism, or the court must consider whether a finding for the plaintiff would necessarily imply their conviction was invalid. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The R&R accurately notes that a finding of ineffective assistance of counsel would necessarily imply that the civil-commitment proceedings should be invalidated and, therefore, Rivera should first challenge the legality of the underlying civil-commitment judgment through the proper procedural mechanism, such as a direct appeal. (R&R at 3.) Rivera's objection does not meaningfully dispute that *Heck* controls in this matter and the R&R's application of *Heck* to Rivera's claims is accepted.

## ORDER

Based on the June 2, 2025 Report and Recommendation (Doc. No. 6), and all the files, records, and submissions in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alveto Rivera's Objection to the Report and Recommendation (Doc. No. 7) is **OVERRULED**;

2.      The June 2, 2025 Report and Recommendation (Doc. No. 6) is **ACCEPTED**;

3.      This matter is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and

4.      The application to proceed *in forma pauperis* of Plaintiff Rivera (Doc. No. 2) is **DENIED**; and

5.      Plaintiff Rivera's Motion to Appoint Counsel (Doc. No. 5) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 28, 2025                               *s/ Jerry W. Blackwell*
                                                                      JERRY W. BLACKWELL
                                                                      United States District Judge